# NO. 12-12-00017-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *SUVELLA WALKER,*<br>*APPELLANT* | § | *APPEAL FROM THE 3RD* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *ANDERSON COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Suvella Walker appeals his conviction for possession of less than one gram of phencyclidine, for which he was sentenced to imprisonment for two years. In one issue, Appellant argues that the trial court abused its discretion in overruling his motion to suppress his oral confession. We affirm.

## BACKGROUND

On January 31, 2010, Anderson County Sheriff's Department Sergeant Ryan Tolliver stopped a motor vehicle for an expired registration. Tolliver determined that Hubert Johnson, the driver of the vehicle, had a "blue warrant" and arrested him. Tolliver further determined that Appellant, the owner of and passenger in the vehicle, was intoxicated and unable to operate his vehicle. Tolliver placed him under arrest as well. Appellant gave consent to search his vehicle, and Anderson County Sheriff's Deputy Ronnie Howell discovered a wet, broken cigarette on the passenger side floor board that he believed had been dipped in phencyclidine (PCP). A field test was conducted and indicated that the substance recovered was, in fact, PCP. Both Johnson and Appellant were transported to the Anderson County Jail.

At the jail, Appellant was placed in a holding cell. When Tolliver arrived at the jail, he was advised that Appellant wished to speak to him. Prior to speaking with Appellant, Sergeant Tolliver read him his *Miranda* rights. Tolliver next asked Appellant "what he needed." Appellant

responded by telling Tolliver that the PCP that was located during the traffic stop was his and did not belong to Johnson. Tolliver asked Appellant if he wished to make a written statement, but Appellant declined.

Later, Tolliver was again informed that Appellant wished to speak with him. Tolliver and another officer met with Appellant, and Appellant again "claimed ownership of the PCP." Tolliver asked Appellant to make a written statement. But, as before, Appellant declined. No further discussion between Appellant and the officers transpired.

Appellant was charged by indictment with possession of less than one gram of PCP, and pleaded "not guilty." The matter proceeded to a jury trial. Prior to the commencement of trial, the court conducted a hearing on Appellant's motion to suppress his oral confession because it was not recorded in accordance with Texas Code of Criminal Procedure, Article 38.22. Tolliver was the sole witness who testified during the hearing. In addition to the facts set forth above, Tolliver further testified that he would not have spoken to Appellant had Appellant not requested to speak to him.

Ultimately, the jury found Appellant "guilty" as charged. Following a bench trial on punishment, the trial court sentenced Appellant to imprisonment for two years. This appeal followed.

**MOTION TO SUPPRESS ORAL CONFESSION**

In his sole issue, Appellant argues that the trial court abused its discretion in overruling his motion to suppress his oral confession under Article 38.22.

**Standard of Review**

We review a trial court's ruling on a motion to suppress under a bifurcated standard. *Hubert v. State*, 312 S.W.3d 554, 559 (Tex. Crim. App. 2010); *Carmouche v. State*, 10 S.W.3d 323, 327 (Tex. Crim. App. 2000). A trial court's decision to grant or deny a motion to suppress is generally reviewed under an abuse of discretion standard. *Shepherd v. State*, 273 S.W.3d 681, 684 (Tex. Crim. App. 2008). We give almost total deference to a trial court's determination of historical facts, especially if those determinations turn on witness credibility or demeanor, and review de novo the trial court's application of the law to facts not based on an evaluation of credibility and demeanor. *Neal v. State*, 256 S.W.3d 264, 281 (Tex. Crim. App. 2008). At a suppression hearing, a trial court is the exclusive trier of fact and judge of the witnesses' credibility. *Maxwell v. State*, 73 S.W.3d 278, 281 (Tex. Crim. App. 2002). Accordingly, a trial

2

court may choose to believe or to disbelieve all or any part of a witness's testimony. *State v. Ross*, 32 S.W.3d 853, 855 (Tex. Crim. App. 2000). However, a trial court has no discretion in determining what the law is or applying the law to the facts. *State v. Kurtz*, 152 S.W .3d 72, 81 (Tex. Crim. App. 2004). Thus, a failure by a trial court to analyze or apply the law correctly constitutes an abuse of discretion. *Id.*

When the trial court fails to file findings of fact in support of its ruling at a suppression hearing, we view the evidence in the light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact that support its ruling as long as those findings are supported by the record. *Ross*, 32 S.W.3d at 855; *see State v. Castleberry*, 332 S.W.3d 460, 465 (Tex. Crim. App. 2011). Therefore, the prevailing party is entitled to "the strongest legitimate view of the evidence and all reasonable inferences that may be drawn from that evidence." *Castleberry*, 332 S.W.3d at 465. Since all evidence is viewed in the light most favorable to the trial court's ruling, we are obligated to uphold its ruling on a motion to suppress if that ruling is supported by the record and is correct under any theory of law applicable to the case. *Ross*, 32 S.W.3d at 856; *Carmouche*, 10 S.W.3d at 327; *State v. Ballard*, 987 S.W.2d 889, 891 (Tex. Crim. App. 1999); *Maysonet v. State*, 91 S.W.3d 365, 369 (Tex. App.–Texarkana 2002, pet. ref'd).

Here, the trial court made no findings of fact, but announced in open court that Appellant's statement was voluntary and the product of custodial interrogation. While neither of these conclusions, without more, amount to a conclusion of law comporting with the trial court's ruling, we note that we must uphold the trial court's ruling if it is supported by the record and correct under any theory of law applicable to the case, even if the trial court gave the wrong reason for its ruling. *See Armendariz v. State*, 123 S.W.3d 401, 404 (Tex. Crim. App. 2003); *Hernandez v. State*, 376 S.W.3d 863, 868 (Tex. App.–Fort Worth 2012, no pet.).

## Oral Confessions and Custodial Interrogation

No oral or sign language statement of an accused made as a result of custodial interrogation shall be admissible against the accused in a criminal proceeding unless, among other requirements, an electronic recording is made of the statement. *See* TEX. CRIM. PROC. CODE ANN. art. 38.22, § 3(a)(1) (West 2005). The term "interrogation" under *Miranda*[1] refers not only to express questioning, but also to any words or actions on the part of the police (other than those normally attendant to arrest and custody) that the police should know are reasonably likely to elicit an

---

[1] *See Miranda v. Arizona*, 384 U.S. 436, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

3

incriminating response from the suspect. *See* ***Rhode Island v. Innis***, 446 U.S. 291, 299–300, 100 S. Ct. 1682, 1689–90, 64 L. Ed. 2d 297 (1980).

In the instant case, Tolliver did not ask Appellant any questions pertaining to the circumstances of his arrest. Appellant initiated the contact with Tolliver. After informing Appellant of his ***Miranda*** rights, and in response to Appellant's request to speak with him, Tolliver simply asked Appellant "what he needed." When Appellant confessed, Tolliver did not ask any further questions about the crime. Instead, Tolliver asked Appellant if he wished to make a written statement. When Appellant declined, Tolliver ended the meeting.

In the second instance of contact between Tolliver and Appellant, which Appellant initiated, Tolliver was accompanied by another officer. There is no evidence that either officer said anything to Appellant before he again confessed. Once more, in response, Tolliver asked Appellant if he wanted to make a written statement. When Appellant again declined, the meeting ended.

Based on our review of the unequivocal evidence of record in the light most favorable to the trial court's ruling, it is apparent that there is no evidence that Appellant was asked any questions not normally attendant to arrest and custody. Moreover, there is no evidence of any words used or actions taken on the part of the officers that they should have known were reasonably likely to elicit an incriminating response from Appellant. Appellant initiated the two pertinent instances of contact with the officers, and his confession was unprompted. Accordingly, we conclude that Appellant's oral statement was not the product of custodial interrogation because Appellant was not interrogated. Therefore, we hold that Article 38.22 did not require Appellant's oral statement to be electronically recorded, and, thus, the trial court did not abuse its discretion in overruling Appellant's motion to suppress. Appellant's sole issue is overruled.

## DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the trial court's judgment.

**SAM GRIFFITH**
Justice

Opinion delivered September 11, 2013.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*

DO NOT PUBLISH)

4



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

**SEPTEMBER 11, 2013**

**NO. 12-12-00017-CR**

**SUVELLA WALKER,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 3rd Judicial District Court

of Anderson County, Texas (Tr.Ct.No. 30195)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

Sam Griffith, Justice.
*Panel consisted of Worthen, C.J., Griffith, J., and Hoyle, J.*